**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

NAKENIA N. MCGEE,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　Plaintiff,　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）　　Case No. 18-2253
NAZDAR,　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　Defendant.　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）

## **MEMORANDUM AND ORDER**

Plaintiff Nakenia McGee, proceeding pro se, filed this employment discrimination case against her former employer, Nazdar Company. Plaintiff alleges that defendant discriminated against her because of her age, race, and disability. She also claims that she was retaliated against for filing a charge with the Equal Employment Opportunity Commission ("EEOC"). Defendant moved to dismiss plaintiff's age, race, and disability claims, arguing that (1) plaintiff's age- and race-based claims are untimely and (2) plaintiff fails to allege adequate facts to support a claim for disability discrimination or failure to accommodate. For the following reasons, the court grants defendant's motion in part and denies it in part.

First: plaintiff's claims based on her age and race. Plaintiff administratively exhausted these claims and received a Notice of Right to Sue on October 19, 2017. Plaintiff was required to file a law suit based on these claims by January 17, 2018. 42 U.S.C. § 2000e-5(f)(1) (requiring a claimant to file a law suit within ninety days of receipt of a Notice of Right to Sue letter). Plaintiff did not. She filed a second charge of discrimination with the EEOC on March 2, 2018. But the second charge only alleged claims of disability discrimination and retaliation. Because plaintiff did not file suit within ninety days

-1-

of her original charge, plaintiff's race and age discrimination claims are untimely. *See Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998). The court dismisses these claims.

Second: plaintiff's disability-related claims. To establish a prima facie case of discrimination, plaintiff must show that at the time defendant terminated her employment, (1) she was disabled as defined by the ADA; (2) she was qualified, with or without accommodation, to perform the essential functions of the job; and (3) she was discriminated against because of her disability. *Bones v. Honeywell Intern., Inc.*, 366 F.3d 869, 878 (10th Cir. 2004). "Disability" is defined by the ADA as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1)(A–(C).

To be disabled under the first definition above, plaintiff must ultimately prove that her impairment limited a major life activity. But the burden on plaintiff at this early stage of the case is not heavy. Courts in the Tenth Circuit have held that a plaintiff need not specifically identify the major life activity that is substantially limited in her pleadings. *See, e.g.*, *Callahan v. Commc'n Graphics*, No. 13-CV-816-TCK-FHM, 2014 WL 7338768, at *5 (N.D. Okla. Dec. 22, 2014) ("[T]he Court concludes that even under *Twombly* and *Iqbal*, a plaintiff is not required to provide particulars about the major life activity limited by the impairment or explain how the impairment limits that activity at the pleading stage."); *E.E.O.C. v. Burlington N. Santa Fe R.R.*, No. 12-2634-JWL, 2013 WL 1397130, at *7–*8 (D. Kan. Apr. 5, 2013) (holding that *Iqbal* and *Twombly* do not require that a plaintiff describe in his complaint how an alleged impairment substantially limits a major life activity); *Hughes v. Colo. Dep't of Corr.*, 594 F. Supp. 2d 1226, 1240 (D. Colo. 2009) (holding that, at the pleading stage, it is sufficient to "identif[y] an impairment of which the State defendants were allegedly aware and allege[ ] that such impairment constitutes a disability under the ADA"); *see also*

*E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001) ("[S]o long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading").

It appears that plaintiff intends to claim that she was substantially limited in the major life activity of lifting. When plaintiff was released to return to work, she had the following restrictions:

Occasional (1 – 33%) heavy lifting of 100 lbs;

Frequent (34 – 66%) heavy lifting of 50 lbs; and

Constant (67 – 100%) heavy lifting of 20 lbs.

But these restrictions alone do not qualify as a disability under the ADA. *See Wells v. Wal-Mart Stores, Inc.*, 219 F. Supp. 2d 1197, 1206 (D. Kan. 2002) (holding that a seventy-five pound restriction was not a substantial limitation on a major life activity). Here, plaintiff has alleged that she is disabled in her lower back and left hip. She alleges that although she was released to return to work with the above restrictions, defendant terminated her employment. To be certain, the allegations about her disability lack much factual support. But the question is whether plaintiff identified an impairment (back and hip problems) that substantially limits a major life activity (lifting). Bearing in mind plaintiff's light burden at this stage of the proceedings, the court concludes that she has adequately alleged that she was disabled as defined by the ADA. Ultimately, plaintiff will have to produce more evidence than the lifting restrictions, but for now, she has adequately alleged a disability. Lack of an allegation of disability is the only basis on which defendant moved to dismiss plaintiff's disability claim, so the court denies defendant's motion to dismiss this claim.

Defendant claims that plaintiff's claim under the third definition of disability (her "regarded as" claim) also fails because plaintiff cannot show that defendant "regarded her as substantially limited in performing either a class of jobs or a broad range of jobs in various classes." (Doc. 10, at 7.) But in

making this argument, defendant relies on *Sutton v. United Air Lines, Inc*, 130 F.3d 893, 903 (10th Cir. 1997). *Sutton* was affirmed by the Supreme Court, 527 U.S. 474 (1999), but Congress has since changed the law with the passage of the ADA Amendments Act ("ADAAA") in 2008. *See Adair v. City of Muskogee*, 823 F.3d 1297, 1305 (10th Cir. 2016). The standard for alleging and proving a "regarded as" claim is now much easier to meet than prior to the ADAAA: "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C.A. § 12102(3)(A). Defendant has not shown that plaintiff's allegations are insufficient to meet this standard.

Finally, defendant argues that plaintiff's claim for failure to accommodate fails again because plaintiff has not adequately alleged that she has a disability. This argument fails for the same reason identified above. And defendant claims that even if plaintiff is considered disabled, defendant was not required to reassign plaintiff ahead of more senior employees. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 394 (2002) ("[T]o show that a requested accommodation conflicts with the rules of a seniority system is ordinarily to show that the accommodation is not 'reasonable.'"). Defendant is correct on the law, but plaintiff's complaint does not allege that only more senior employees were reassigned ahead of her. This argument is more appropriate for summary judgment.

**IT IS THEREFORE ORDERED** that defendant Nazdar Company's Partial Motion to Dismiss Plaintiff's Age, Race and Disability Claims (Doc. 9) is granted in part and denied in part. Plaintiff's claims for age and race discrimination are dismissed.

Dated this 27th day of August, 2018, at Kansas City, Kansas.

                              **s/ Carlos Murguia**
                              **CARLOS MURGUIA**
                              **United States District Judge**